THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JUAN ORIOL CASTRO, Defendant and Appellant.

No. 10264.   Argued April 18, 1944.—Decided April 26, 1944.

*Angel M. Villamil* for appellant.   *R. A. Gómez, Prosecuting Attorney, (Fiscal),* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The appellant was convicted of a crime against nature and he was sentenced to five years in the penitentiary at hard labor.   Sentence was pronounced on February 16, 1943.   At that time that offense was punishable by imprisonment in the penitentiary for not less than five years.   Subsequently, pursuant to Act No. 42 of May 4, 1943 (Laws of 1943, p. 106), the penalty for said offense was changed to provide for a minimum term of one year and a maximum term of ten years in the penitentiary.

In his brief before this court the defendant assigns no error as committed by the lower court.   On the contrary, he admits having committed the crime, but alleges that due to

his good reputation in the community as a serious and hard-working man, and since he committed the crime under the influence of liquor, he is entitled to a reduction in the penalty; that since there was imposed on him the minimum penalty fixed by §278 of the Penal Code, we should now reduce the same to one year in the penitentiary, which is the minimum penalty now in force. The *Fiscal* of this court, in his brief and in his oral argument, consented to the reduction sought, relying on *People* v. *Pérez,* 52 P.R.R. 161; *People* v. *Otero,* 61 P.R.R. 33; and *People* v. *Cases,* 61 P.R.R. 371.

The court may exercise its discretion in reducing the penalty to the minimum now provided by law. *People* v. *Otero, supra.* With this as a basis, we must now decide whether, considering the circumstances of this case, we would exercise our discretion properly by reducing the sentence imposed by the trial judge from five years' imprisonment to one year in the penitentiary.

According to the evidence introduced at the trial, which was believed by the jury, the victim was a boy ten years old at the time of the commission of the crime. That night, he and his younger brother were playing together with a little car at Pomarrosas Street at San Juan. A certain man by the name of Tomás Muñoz, who pleaded guilty of the offense, came to the boy and told him to go to his room, near that place, where he was going to give him a harmonica. The two boys went along with Muñoz to his room. The defendant was there, playing the guitar in the parlor of the small apartment. The younger of the two remained in the parlor while Muñoz took the older boy to the bedroom next door where there was a bed. Muñoz took off the boy's pants and then the defendant had carnal knowledge with the boy making use of grease which he got or had there in order to facilitate the penetration. After the defendant finished the carnal act with the boy, Muñoz came and repeated the act with the younger boy. In the meantime several boys

were peeking from the outside through a crack and when they saw what was going on, went and got the mother of the boys, who, after taking her sons away, informed the police who then arrested the defendant and Muñoz. There they seized and introduced in evidence not only the jar with the grease but also what was left of some beverages made up of rum and pepsi-cola which the defendant and his companions gave the boys to drink. It seems advisable to add here that although defendant's attorney contends in his brief that defendant was not under the influence of liquor—and by the way, such circumstance would not justify or excuse the commission of the crime—, in his testimony, however, the defendant insisted that he had not taken any drinks at that time and that he was not in the habit of using any, limiting his defense to a denial that he was at that place when the wrongful acts were committed, but admitting that he arrived later to collect from Muñoz what he still owed him for a guitar which he had sold Muñoz a few days previously, and that while he was at Muñoz' place the police arrived, arrested them and took them to headquarters.

In view of the foregoing, we would not be exercising our discretion properly in reducing the penalty of five years' imprisonment imposed on the defendant appellant. We have no doubt that the lawmaker, in reducing the minimum penalty of this offense, had no intention that such minimum penalty be applied to cases like the instant one, where such a degree of malice and moral perversion on defendant's part has been revealed, and undoubtedly, under these circumstances, the trial judge would not have imposed the minimum penalty of one year sought by defendant.

The case of *People* v. *Pérez, supra,* invoked by the *Fiscal,* is inapplicable. There the defendant was convicted of having in his possession a firearm without registering it. He appealed and during the pendency of his appeal the Legislature passed Act No. 95 of March 12, 1937, which changed

substantially some of the provisions of the earlier act and fixed a new period from the date of the Act for the registering of firearms. This court then held that where the time for registering the firearm is extended, during the pendency of the appeal, the appellant is entitled to the benefit of the extended period and prosecutions pending against them should be dismissed.

In *People* v. *Otero, supra,* there was also involved a violation of the Act regulating the Registry of Firearms, where the lower court sentenced the defendant to six months in jail which was the minimum penalty. At that time the maximum penalty was two years. During the pendency of the appeal, the penalty was reduced in the sense that the maximum was six months and the minimum was one month's imprisonment. The attendant circumstances did not require a penalty in excess of the minimum term thus reduced, and this court, in the exercise of its discretion, reduced it to one month's imprisonment.

And finally, the case of *People* v. *Cases, supra,* is also inapposite. In that case the defendant on December 16, 1941, was convicted of carrying weapons and of a violation of the Act Regulating Registry of Firearms. During the pendency of the appeal, said Act was amended on May 5, 1942, in the sense that the maximum penalty fixed was for six months' imprisonment for the first violation. And this court, in reviewing said judgments, affirmed the one for carrying weapons and modified the one for a violation of the registration of firearms, by reducing the penalty of two years imposed by the trial court, which was the maximum term at the time of said judgment, to six months' imprisonment, which was the maximum term provided by the statute in force when the judgment was rendered on appeal.

We grant that there may be cases involving the crime against nature where the attendant circumstances justify and even require the imposition of the minimum penalty of one

year; but the instant case is far from being one of such cases. The man who abuses the innocence and weakness of a child, and uses him to satisfy his animal instincts, deserves no pity since he had none for the ignorant and defenseless child.

For the reasons stated the judgment appealed from will be affirmed.